# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2163
_____

Avera McKennan,

*Plaintiff - Appellee*,

v.

Meadowvale Dairy Employee Benefit Plan; Meadowvale Dairy, LLC, in its
Capacity as Plan Administrator,

*Defendants - Appellants.*
_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City
_____

Submitted: May 14, 2020
Filed: August 28, 2020
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

The Meadowvale Dairy Employee Benefit Plan appeals from judgments of the district court ordering the Plan to pay benefits and attorney's fees to Avera McKennan (Avera) under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B). Avera claims that the benefits at issue were due

to a former employee of Meadowvale who received care at a hospital operated by Avera. We conclude that although the beneficiary assigned any causes of action to Avera, he never had a cause of action against the Plan, so Avera may not proceed against the Plan under ERISA as an assignee of a beneficiary or otherwise.

In September 2015, Meadowvale Dairy, LLC hired a man who identified himself as Gilberto Fuentes Cruz. Shortly thereafter, using the same name, the employee enrolled in medical coverage provided by the company's self-insured Employee Benefit Plan, which is governed by ERISA. Meadowvale Dairy sponsors the Plan and serves as its administrator, so it is responsible for making decisions about employee eligibility and coverage under the Plan.

In January 2016, the employee sought medical treatment at Avera's hospital for Guillain-Barré syndrome, a rapid-onset autoimmune disorder that eventually caused his death. During the treatment, Meadowvale discovered that the employee's true name was Juan Pablo Garcia Marquez. Meadowvale informed Marquez in April 2016 that it was rescinding his coverage retroactively to the date of enrollment because he falsely represented his identity to Meadowvale. The Plan provides for rescission when a beneficiary commits an act of fraud or makes an intentional misrepresentation of a material fact.

While undergoing treatment at Avera, Marquez (through his mother) executed a document entitled "Partial Assignment of Cause of Action, Assignment of Proceeds, Contractual Lien and Treatment Agreement." The document purported to assign to Avera all "rights, remedies, [and] benefits" that Marquez was due from any "Payer," which included any insurance carrier or health benefit plan administrator. The assignment also encompassed "any and all causes of action that [Marquez] might have now or in the future against any Payer." Marquez died without appealing Meadowvale's decision to rescind his medical coverage.

Avera attempted to bring an internal appeal of Meadowvale's decision to rescind Marquez's coverage. Meadowvale, in its capacity as plan administrator, denied the appeal for three independent reasons. First, Avera had "no right to pursue this appeal because it is not an authorized representative of Mr. Marquez/Fuentes." Second, the assignment was invalid because it was signed by Marquez's mother, and she did not have power to act for him. Third, because Marquez had submitted a false name and social security number to Meadowvale, the company properly rescinded coverage retroactively based on Marquez's fraud or misrepresentation of a material fact. Avera filed a second-level internal appeal, and Meadowvale denied it on the same grounds.

Avera then sued the Plan under 29 U.S.C. § 1132(a)(1)(B) to recover benefits owed to Marquez. The district court determined that Marquez validly assigned any causes of action to Avera, and that Avera adequately exhausted administrative remedies under the Plan, so it possessed a cause of action against the Plan. The court then ruled that Meadowvale abused its discretion as plan administrator when it rescinded Marquez's coverage, because any misrepresentations by Marquez were immaterial to his enrollment in the Plan. The court ordered the Plan to pay to Avera $760,713.45 plus interest for the cost of Marquez's medical treatment, and awarded attorney's fees to Avera.

On appeal, the Plan contends that Avera is not a proper party to sue under ERISA. A "participant or beneficiary" may sue to enforce rights or recover benefits owed under a benefits plan governed by ERISA. 29 U.S.C. § 1132(a)(1)(B). An assignee of a participant or beneficiary also may sue, provided that the assignment is not prohibited by the relevant plan. *See Lutheran Med. Ctr. of Omaha v. Contractors, Laborers, Teamsters & Eng'rs Health and Welfare Plan*, 25 F.3d 616, 619 (8th Cir. 1994).

The assignment here ostensibly assigned to Avera "all of [Marquez's] rights, remedies, [and] benefits" under the Plan, as well as "any and all causes of action that [Marquez] might have now or in the future against" any payer such as the Plan. Meadowvale Plan expressly prohibits the assignment of benefits. Section 7.01 of the Plan states that "[n]o Participant or Beneficiary shall have the right to . . . assign any of the benefits or payments" owed to him under the Plan. In *Lutheran Medical*, however, this court distinguished between "benefits" and "causes of action" and held that comparable language "does not prohibit assignment of causes of action arising after the denial of benefits." 25 F.3d at 619. Because the assignment here encompassed "any and all causes of action," we may assume in light of *Lutheran Medical* that Avera acquired any cause of action against the Plan that Marquez had at the time of the assignment or would have in the future. *Cf. City of Hope Nat'l Med. Ctr. v. HealthPlus, Inc.*, 156 F.3d 223, 229 (1st Cir. 1998) (declining to follow *Lutheran Medical*); *Vardag v. Motorola, Inc.*, 264 F. Supp. 2d 1056, 1062 (S.D. Fla. 2003) (same).

The question, then, is whether Marquez ever had a cause of action against the Plan. "A participant's cause of action under ERISA . . . does not accrue until the plan issues a final denial" of the claim. *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 105 (2013). A final denial requires exhaustion of any internal remedies prescribed by the ERISA plan. If a claimant fails to pursue and exhaust administrative remedies that are clearly required under a plan, then his claim for contractual benefits is barred. *Burds v. Union Pac. Corp.*, 223 F.3d 814, 817 (8th Cir. 2000). Meadowvale's Plan requires that "[b]efore a suit can be filed in federal court, claims must exhaust internal remedies," and clearly sets forth procedures that a claimant must follow.

The claim at issue in this case was not properly exhausted. Meadowvale informed Marquez in April 2016 that it was retroactively rescinding his coverage. Marquez was entitled to appeal that decision to the plan administrator, but he died in

-4-

July 2016 and never did so. Avera attempted to appeal on Marquez's behalf, and argues that it was empowered to do so as Marquez's assignee. But according to the Plan, "[a]n assignment of benefits by a Covered Person to a provider will not constitute appointment of that provider as an authorized representative."

Under the Plan, a "Covered Person" like Marquez may appoint an "authorized representative" to act on his or her behalf with respect to a claim or appeal. But to appoint such a representative, the Covered Person must complete a form that can be obtained from the plan administrator. Marquez never did so. Nor did he furnish the Plan with any other statement that substantially complied with the Plan's requirement to designate an authorized representative. Given that the Plan specifically disclaims that an assignment of benefits will constitute appointment of an authorized representative, we cannot accept Avera's contention that the assignment constitutes substantial compliance with the "authorized representative" form. Therefore, Avera was not authorized to bring an appeal to challenge Meadowvale's rescission of Marquez's benefits, and Marquez never exhausted his claim for benefits. As a result, no cause of action accrued. Because Marquez never had a cause of action against the Plan, there was no cause of action for Avera to receive through the assignment.

The district court determined that Marquez's claim against the Plan was exhausted because "[t]he purposes of the exhaustion requirement" had been fulfilled. The court reasoned that the Plan "processed Marquez's claim in the same way it would process any other claim," and thereby produced an administrative record that the court deemed sufficient to evaluate the claim.

Although the Plan's response to Avera concluded in the alternative that Meadowvale properly rescinded Marquez's benefits, that does not mean that Avera properly exhausted internal remedies on behalf of Marquez. The Plan rejected both internal appeals on the ground that Avera was not authorized to appeal on behalf of Marquez. ERISA allows benefit plans to "establish reasonable procedures" for

regulating who can act on behalf of beneficiaries to submit or appeal claims, 29 C.F.R. § 2560.503-1(b)(4), and Meadowvale's Plan required Marquez to designate an authorized representative. The Plan did not waive or eliminate this requirement when it notified Avera why it also believed that Meadowvale's prior decision to rescind Marquez's coverage was proper. The Plan could have denied Avera's attempted appeal solely on the ground that Avera was not authorized to bring it.

Avera contends that Marquez was not required to exhaust his internal remedies because any effort would have been futile. *See Burds*, 223 F.3d at 817 n.4. Futility, however, must be considered *ex ante*, and Avera has not shown that it would have been futile for Marquez or an authorized representative to pursue an internal appeal. An unauthorized party cannot avoid the Plan's "authorized representative" requirement by eliciting an adverse response to an unauthorized appeal and then claiming that proper exhaustion would have been futile. Nor is the fact that Meadowvale was both plan administrator and the employer who rescinded coverage sufficient to show futility. *Dale v. Chi. Trib. Co.*, 797 F.2d 458, 467 (7th Cir. 1986).

After Meadowvale rescinded Marquez's coverage under the Plan, neither Marquez nor an authorized representative of Marquez exhausted internal remedies to challenge the decision. Marquez thus never enjoyed a cause of action against the Plan, and there was no cause of action for Avera to receive from him by assignment. Accordingly, Avera cannot sue to recover benefits under 29 U.S.C. § 1132(a)(1)(B).

The judgments of the district court are reversed.

_____